T.C. Memo. 2001-209

UNITED STATES TAX COURT

ZINOVY V. REYTBLATT AND NATALIA B. ROMALIS-REYTBLATT,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6493-00.                    Filed August 8, 2001.

Zinovy V. Reytblatt, pro se.[1]

Michael P. Breton, for respondent.

MEMORANDUM OPINION

POWELL, Special Trial Judge: Respondent determined a

deficiency in petitioners' 1996 Federal income tax of $2,460.

_____

[1] Petitioner Natalia B. Romalis-Reytblatt did not appear or in any way participate in these proceedings. With regard to her, we dismiss this case for failure to prosecute. See Rule 123(b). The decision, when entered, will be in the same amount as determined by the Court against petitioner Zinovy V. Reytblatt. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

The issues raised by the notice of deficiency are (1) whether petitioners had unreported income from various sources and (2) whether petitioners are entitled to a loss claimed on Schedule C, Profit or Loss From Business. Petitioners resided in Bridgeport, Connecticut, at the time the petition was filed.

We have combined to a great extent our findings of fact and conclusions of law because of the confused state of the record.

This case was calendared for trial on March 5, 2001, in Hartford, Connecticut, and was recalled on March 7, 2001. At the recall, Michelle B. O'Connor, Esq. (Ms. O'Connor), from the Quinnipiac University School of Law Tax Clinic entered an appearance on behalf of petitioners, and a stipulation of facts was executed by Ms. O'Connor and petitioner Zinovy V. Reytblatt (hereafter petitioner). The stipulation of facts provided, inter alia, that with respect to the 1996 tax return (1) petitioner Natalia B. Romalis-Reytblatt received nonemployee compensation of $1,200 that was not reported; (2) petitioners erroneously reported an additional $1,200 in wage income; (3) petitioner received nonemployee compensation of $1,300 that was not reported; (4) petitioners received dividend income of $62 and interest income of $334 that were not reported; (5) petitioners received $57 from an annuity that was not reported; (6) petitioners were not entitled to a Schedule C loss of $11,833;

and (7) petitioners were entitled to a deduction of $3,000 for a long-term capital loss.

At the initial hearing petitioner contended that a payment to the Internal Revenue Service in November[2] 1996 of $2,524 had been made by his wife for the taxable year 1994 and that that amount should have been credited to the 1996 liability. It appears that changes were made to petitioners' 1994 tax liability resulting in an underpayment against which a $2,524 payment was made in 1996 and applied to the 1994 liability. The Court explained at that time that the taxable year 1994 was not before the Court. When petitioner later renewed this issue, the Court pointed out that the 1996 taxable year had not closed at the time of the payment and a liability for that year had not even been determined.

The case was continued for trial to the Special Session of the Court commencing May 17, 2001, in Hartford, Connecticut. On March 23, 2001, Ms. O'Connor filed a motion to withdraw as counsel. That motion was granted on March 30, 2001.

Subsequently, petitioner, proceeding pro se, sent various documents[3] to the Court:

---

[2] It is unclear whether the payment was made in September or November, but the exact date does not appear to be material.

[3] Some of the documents received from petitioner have not been filed and will be placed in the Court's correspondence file.

(1) On April 11, 2001, an Application for Order To Take Deposition of George Evans was received from petitioner. Petitioner did not attach a copy of the notice of deposition to the application as required by Rule 75(d), and the application was untimely. See Rule 70(a)(2). Respondent objected to the deposition.

(2) Petitioner served a subpoena duces tecum on George Evans (Mr. Evans) to appear for the purpose of taking the deposition. On April 24, 2001, respondent timely filed a Motion to Quash Subpoena Duces Tecum, which the Court granted.

(3) On April 11, 2001, petitioner's "Motion for the Protective Order" was received, the gravamen of which is totally unclear except that the motion refers to the deposition of the "sole witness". The granting of respondent's motion to quash disposed of all questions dealing with the deposition.

(4) On April 26, 2001, petitioner filed a "Motion for Sanctions on Respondent" relating to the deposition of Mr. Evans. That motion was denied at the hearing held on May 17, 2001.

(5) On May 9, 2001, the Court received from petitioner a "Pre-Trial Order" that contained various attachments--a Motion for Continuation, a proposed Stipulation for Facts, and a "Request to Admit to Respondent". Respondent treated the latter document as a request for admissions and filed a response on May 14, 2001.

(6) Lastly, on June 18, 2001, petitioner filed a "Motion for Reconsideration of Court Ruling Granting Respondent's Motion to Quash Subpoena Duces Tecum" and "Motion for Reconsideration of Denial of Sanctions on Respondent".

When this case was called, petitioner accused both Ms. O'Connor and respondent's counsel of some form of chicanery, the details of which are, at best, confusing. Petitioner seems to indicate that the stipulation of facts he executed is not the same stipulation that was filed with the Court. But at the initial hearing on March 7, 2001, the Court went over the stipulation of facts, paragraph by paragraph, with petitioner, and that is the stipulation of facts filed with the Court. Thus, we hold petitioner to the stipulation of facts as filed. Furthermore, we note that from what we have observed, Ms. O'Connor and respondent's counsel performed in a completely ethical and professional manner. It is unseemly that petitioner would besmirch the character of both counsel in this fashion.

It subsequently became somewhat clear that petitioner contends that, while conceding that his wife and he had omitted the nonemployee compensation from the 1996 tax return, they both had travel expenses that should reduce the amount of taxable income. Petitioner, however, presented no records or other corroborating evidence to document the alleged travel expenses.

In certain circumstance the Court may estimate various expenses. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Section 274(d), however, imposes strict substantiation requirements for expenses relating to travel and in this regard supersedes the Cohan doctrine. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969). To obtain a deduction for travel, a taxpayer must substantiate "by adequate records or by sufficient evidence corroborating * * * [his] own statement" the amount of the expense and the time and place of the travel. Sec. 274(d). Petitioner, as noted, presented no evidence to satisfy section 274(d).[4] Accordingly, as to this issue, we hold for respondent.

With respect to the Schedule C loss, petitioner conceded that issue in the stipulation of facts.

In closing, we observe that to the end petitioner has sought to depose Mr. Evans, an Appeals officer with whom he met in attempts to settle this matter. Putting aside the untimeliness and other deficiencies with respect to petitioner's application, we cannot fathom what information Mr. Evans could have possessed that would have shed any material light on the issues properly before this Court. The evidence concerning substantiation under section 274(d) is under petitioner's control. Furthermore, any

---

[4] We also note that there is a problem of hearsay with respect to the expenses of petitioner's wife.

statement made in settlement negotiations by Mr. Evans would be inadmissible.  See Fed. R. Evid. 408.  Our deposition process should not be used as a harassment device.  Accordingly, we deny petitioner's motions for reconsideration of our order quashing the subpoena and the denial of petitioner's motion for sanctions.

It appears that our ruling with respect to the alleged travel expenses and the stipulation of facts resolves all the issues properly before this Court in favor of respondent.

<u>An appropriate order and order of dismissal and decision will be entered.</u>